IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SIRAJ IBRIHIM a/k/a
ROBERT J. CRAIN,

    Petitioner,

v.                                              Case No. 2:22-cv-02209-MSN-tmp

U.S. BUREAU OF PRISONS, et al.,

    Respondents.

**ORDER MODIFYING THE DOCKET, DENYING PETITION UNDER 28 U.S.C. 2241, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner, Siraj Ibrihim a/k/a Robert J. Crain ("Ibrihim"), a federal pretrial detainee at the Shelby County Correctional Center ("SCCC") in Memphis, Tennessee. (ECF No. 1.) For the following reasons, the Court **DENIES** the § 2241 Petition.

I.     BACKGROUND AND PROCEDURAL HISTORY

    A.     **Ibrihim's First Federal Criminal Case, No. 17-20186-JTF**

On June 29, 2017, a federal grand jury returned a twenty-six count indictment against Ibrihim. (Criminal ("Cr.") No. 17-20186, ECF No. 3 (sealed).) Ibrihim was charged with violating 18 U.S.C. § 152(3), which criminalizes false statements in bankruptcy proceedings; 18 U.S.C. § 157(1), which prohibits fraudulent bankruptcy petitions; and 42 U.S.C. § 408(a)(7)(B), which prohibits fraudulent use of a social security number.

Pursuant to a written plea agreement, Ibrihim appeared before Judge John T. Fowlkes Jr. on July 6, 2018, to plead guilty to Counts 7, 18, and 19 of the indictment. (ECF Nos. 44 & 45.) At that time, the Court granted the defense's request that Ibrihim be released on his own recognizance for medical purposes. (ECF No. 44.) On the same date, the Court set the conditions for release. (ECF No. 48.) On May 13, 2019, Judge Fowlkes sentenced Ibrihim to 30 months imprisonment, to be followed by three years on supervised release. (*See* ECF No. 73.) Ibrihim was ordered to pay $50,706.50 in restitution. (ECF No. 73 at PageID 396.) Judgment was entered that day. An amended judgment was entered on June 12, 2019. (ECF No. 77.)

Ibrihim was ordered to surrender to the custody of the Bureau of Prisons ("BOP") on June 27, 2019. (ECF No. 81.) That order was twice amended resulting in a surrender date of September 30, 2019. (*See* ECF Nos. 89 & 94.) On November 13, 2019, a warrant was issued for failure to surrender, and the warrant was executed on January 12, 2022. (*See* ECF Nos. 96 (sealed ) & 98.)

Ibrihim did not appeal the judgment. In the plea agreement, he waived his right to appeal a sentence within or below the applicable sentencing guidelines range determined by the Court. (*See* ECF No. 45 at PageID 108–109.) He also waived his right to file a collateral attack, including to file a motion under 28 U.S.C. § 2255, except for claims involving ineffective assistance of counsel, prosecutorial misconduct, and the voluntariness of his guilty plea. (*Id.* at PageID 109.)

    **B.**    **Ibrihim's § 2255 Motion, Civil Case No. 2:22-cv-02214-JTF-atc**

On April 4, 2022, Ibrihim filed a § 2255 motion in this Court. (*See* Civ. No. 22-02214-JTF-atc, ECF No. 1.) He asserts the following grounds for relief:

1. Eminent [sic] death and medical distress at the time of the plea and of sentencing due to urgently needing operation (*id.* at PageID 4);

2. I constantly asked the attorney for my discovery and contested my guilt on the charges and filed a bar complaint (*id.* at PageID 5);

3. I received zero points for cooperation and was put into direct harm due to government cooperation and threats (*id.* at PageID 7); and

4. Ineffective assistance of counsel because of lies on appeal availability and threats of death (*id.* at PageID 8).

Ibrihim asserts that he is terminally ill with Cowden Syndrome, a brain tumor, thyroid and colon cancer, severe vertigo, sleep apnea, and many other ailments. (*Id.* at PageID 10.) He maintains that he was told the SCCC and BOP could not treat him. (*Id.*) The § 2255 motion is pending.

### C. Ibrihim's Second Federal Criminal Case, No. 20-20006-MSN

On January 14, 2020, a federal grand jury returned an indictment that charged Ibrihim with one count of failure to surrender for service of his sentence in Cr. No. 17-2016, in violation of 18 U.S.C. § 3146(a)(2). (Cr. No. 20-20006, ECF No. 1 at PageID 1–2.) An arrest warrant was issued. (ECF No. 3.) On January 14, 2022, Ibrihim had an initial appearance and was appointed counsel. (ECF Nos. 4 & 7.) Chief Magistrate Judge Tu M. Pham entered an order of temporary detention. (ECF No. 8.) On January 19, 2022, Magistrate Judge Annie Christoff ordered detention pending trial, stating:

> The defendant makes no application for release at this time. A motion for conditions of release and a detention hearing may be filed at a later date.

(ECF No. 11.) A trial has been set for August 15, 2022, and Ibrihim was remanded to the custody of the U.S. Marshal pending trial. (ECF No. 15.)[1]

---

[1] Ibrihim has filed a *pro se* Motion for Sentence Reduction 18 U.S.C. § 3582(c)(1)(A) (compassionate release) (*see* Cr. No. 20-20006, ECF No. 20) and a *pro se* Emergency Motion for Preliminary Injunction for Release for Transfer to A Medical Facility of Home Confinement (*see* ECF No. 21). Duplicates of these documents have been filed in Cr. No. 17-20186 (*see* ECF Nos. 102 & 103).

D.     **Ibrihim's § 2241 Petition, Civil Case No. 2:22-cv-02209-MSN-tmp**

On March 30, 2022, Ibrihim filed his *pro se* § 2241 Petition. (Civ. No. 22-2209, ECF No. 1.)  The Clerk shall record the respondent as Anthony Alexander, Director of the Shelby County Division of Corrections.[2]

In his § 2241 Petition, Ibrihim complains about his pretrial detention, the validity of his conviction or sentence as imposed, the "switching of Magistrate from Pham/ Kristoff," improper sentencing due to severe mental and medical distress at sentencing and threats of physical harm of which Judge Fowlkes was unaware. (ECF No. 1 at PageID 2.)  Ibrihim asserts that he was in a coma after his release. (*Id.*)

He raises the following as grounds for relief:

1. "I am held in United States Marshal[] inmate at Shelby County Corrections in a medically vulnerable state in unsanitary conditions and caught COVID 19 and put in dorm with infected inmates. . . . On 1/2022 I came into custody of SCCC.  I was infected with COVID within 10 days.  I was taken to Regional One and then locked in the hold for 10 days with scant assistance not even a shower.  I am terminal and medically at risk.  I am a disabled veteran with many ailments." (*Id.* at PageID 6–7);

2. "I did not receive the promised deduction in sentence from my case or protection and on my second case the AUSA put my life in danger and left me with no protection. . . .  I cooperated with the govt in both my cases.  I have been repeat[ed]ly threat[]ned and while out on bond I went into hiding.  Once back into custody[,] my current attorney saw me on 3/8/22[,] took me for a proffer session and told me to tell what I know and after said meeting told me I would receive nothing and the officers at SCCC told inmates I was an information." (*Id.* at PageID 7);

3. "I was allowed to plead guilty in 2:17-cr-20186 and 2:20-20006 even

---

[2] The proper respondent to a habeas petition is the petitioner's immediate custodian, meaning "the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004).  Here, Anthony Alexander is the proper respondent as the Director of the Shelby County Division of Corrections and shall replace the respondent in the petition identified as "Warden Shelby Co. Corrections."  The Clerk is directed to terminate the U.S. Bureau of Prisons, the United States of America, the U.S. Marshals Service, and the Warden of the Federal Medical Center in Butner, North Carolina as respondents.

    though I was not mentally or physically able to do so and while a bar complaint was pending." (*Id.* at PageID 7);

4. "I was put in immi[n]ent danger medically, physical and judicial jeopardy since 7/2018 and was induced to plead on my case under pressure due to emine[n]t death" (*Id.* at PageID 8); and

5. "I was directly threatened not to file further grievance[s]. I asked for compassionate release and was told [I] would be refused if I complain. SCCC also sent my sleep apnea machine to my family endangering my life and the doctor here told me he had no idea how to treat my Cowden syndrome." (*Id.*)

Ibrihim requests relief as follows:

1. Immediate release on bond or compassionate release;

2. Dismissal of Cr. No. 2:20-cr-20006;

3. Order SCCC to provide medical care and cease threat of transfer and hold them in contempt for leaking government cooperation;

4. Order the United States BOP to honor my request for compassionate release or immediate direct transfer to FMC Butner;

5. Resentencing or dismissal of Cr. No. 2:17-20176-JTF;

6. Judicial censure of Attorney Janika White and Dewon Settle for allowing to plea when she was told many times I wanted to fight the charges and misleading Honorable Judge Fowlkes;

7. Dismissal or sentence modification of Cr. No. 2:17-20176-JTF;

8. Censure of official responsible for appearance before Magistrate Judge Tu Pham, appointing me Attorney Hollander, then switching me to Magistrate Kristoff and Attorney Settle.

(Civ. No. 22-2209, ECF No. 1 at PageID 8.)

## II.    ANALYSIS OF PETITIONER'S CLAIMS

    This Court is authorized to issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate where an inmate challenges the

execution of his federal sentence. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Federal prisoners may obtain habeas corpus relief under 28 U.S.C. § 2241 only in limited circumstances. The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (citations omitted); *see also United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served."); *see McCormick v. Butler*, 977 F.3d 521, 524 (6th Cir. 2020) ("When a federal prisoner collaterally attacks the validity of his sentence, rather than the conditions of his confinement, he must ordinarily proceed under § 2255, not § 2241").

Ibrihim challenges the validity and imposition of his sentence in Cr. No. 17-20186. Habeas relief is not available to him unless relief under § 2255 is inadequate or ineffective. He has a pending § 2255 motion, and to the extent that he alleges claims about the voluntariness of his plea, ineffective assistance of counsel, or issues at sentencing (*see* Grounds for Relief 2–4) in that criminal case, the § 2255 motion would be the appropriate avenue for relief. Ibrihim's requests

for dismissal, sentence modification, or release based on Cr. No. 17-20186 are also appropriately brought in the § 2255 motion.

Ibrihim's second criminal case, Cr. No. 2:22-20006, is pending. Issues related to his bond or release, prosecutorial misconduct, or his proffer can be addressed, through counsel, in the pending criminal proceedings. *See Garey v. Fed. Det. Ctr., Miami*, 180 F. App'x 118, 120–21 (11th Cir. 2006) ("where a defendant is awaiting trial, the appropriate vehicle for violations of the defendant's constitutional rights are pre-trial evidentiary motions, not habeas petitions"); *see Whitmer v. Levi*, 276 F. App'x 217, 219 (3d Cir. 2008) ("Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition. Adequate remedies were available in his criminal case, and, therefore, Whitmer was not entitled to habeas corpus relief.").

To the extent Ibrihim seeks compassionate release, a compassionate release motion should be filed in the criminal case under 18 U.S.C. § 3582. He has done so in both of his criminal cases in this court.

Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973); *see Mescall v. Hemingway*, No. 20-1857, 2021 WL 4025646, at *1 (6th Cir. 2021) (denying § 2241 habeas relief for complaints about lack of COVID-19 testing, toilet paper and medical supplies in prison). To the extent Ibrihim complains about the conditions of his confinement (*see* Grounds for Relief 1, 4 and 5), he may file a complaint alleging a violation of his civil rights. However, the grounds for relief alleging conditions of confinement claims presented here are not cognizable in a § 2241 Petition.

Petitioner requests relief in the form of a transfer to a federal medical facility. (*See* ECF

7

No. 1 at PageID 8.) However, he has not asserted that he has requested a transfer as a ground for relief or that he has filed a grievance about a request for transfer. "The BOP is statutorily authorized to place a prisoner at "any available penal or correctional facility that meets minimum standards of health and habitability . . . whether maintained by the Federal Government or otherwise . . . that [it] determines to be appropriate and suitable" in light of the characteristics of the prisoner, the offense, the sentence, and the facility. 18 U.S.C. § 3621(b) (emphasis added); *see Solano-Moreta v. Fed. Bureau of Prisons*, No. 17-1019, 2018 WL 6982510, at *2 (6th Cir. 2018); *see In re Gee*, 815 F.2d 41, 42 (7th Cir. 1987) ("[A]ny approach that puts the judicial branch in charge of designating the place of confinement for a federal prisoner—no matter how well justified on utilitarian grounds—collides with 18 U.S.C. § 4082(b), which gives the Attorney General unfettered discretion to decide where to house federal prisoners."); *see Hernandez v. Garrison*, 916 F.2d 291, 293 (5th Cir. 1990) (finding the injunctive remedy of transfer to another correctional facility "is not a proper subject for a habeas corpus petition").

Generally, Ibrihim's grounds for relief relate to the imposition of his sentence and confinement conditions, not the execution of his sentence. The relief sought can be addressed in his pending criminal case, his § 2255 proceedings, and/or in an action that alleges a civil rights violation. His claims are not cognizable in this habeas petition. For these reasons, Ibrihim's § 2241 Petition is **DENIED**.[3]

### III.    APPEAL ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 to challenge their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *See Witham v.*

---

[3] Ibrihim's motion for leave to proceed in forma pauperis (ECF No. 8) is **DENIED** because the filing fee has been paid (*see* ECF No. 2). There will be no further proceedings in this case, so all pending motions are **DENIED** as moot. (*See* ECF No. 7.)

*United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

A habeas petitioner who wishes to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, a petitioner must show pauper status under Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Here, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, under Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[4]

**IT IS SO ORDERED** this 23rd day of May, 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[4] Should Petitioner file a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.